O

# United States District Court
# Central District of California

| | |
|---|---|
| RUBEN POGHOSYAN,<br><br>      Petitioner-Plaintiff,<br><br>      v.<br><br>CHAD F. WOLF, et al.,<br><br>      Respondents-Defendants. | Case № 5:20-CV-02295-ODW (AFM)<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR STAY OF REMOVAL [2]** |

## I. INTRODUCTION

On November 2, 2020, Petitioner Ruben Poghosyan filed a petition for a writ of habeas corpus ("Petition") and a motion for a temporary restraining order and/or stay of removal ("TRO"). (Pet., ECF No. 1; TRO, ECF No. 2; Mem. TRO, ECF No. 2-1.) Poghosyan seeks a stay of removal until he has had the opportunity to be heard on his pending immigration appeal and motion to reopen. (TRO ¶ 11.) Respondents oppose the TRO. (Opp'n to TRO ("Opp'n") 1, ECF No. 13.) For the reasons set forth below, the Court **GRANTS** Poghosyan's TRO.

## II. BACKGROUND

Poghosyan is a thirty-eight-year-old citizen of Armenia. (Pet. ¶ 16.) He has been diagnosed with recurrent and severe major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder." (Mem. TRO 18.) He left

Armenia after suffering violence, illegal arrests, beatings, and death threats due to his political opinions and activities. (Pet. ¶ 42; Mem. TRO 29.) He arrived in the United States on August 29, 2019, at the San Ysidro, California, Port of Entry without a valid entry document and was detained by ICE. (Pet. ¶ 16.)

On March 2, 2020, Poghosyan presented claims for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.* ¶ 17.) The Immigration Judge ("IJ") "refused to hear [Poghosyan]'s claim for asylum" due to a then-existing ban against granting asylum to individuals who crossed through another country on the way to the United States without first requesting asylum in that country. (*See id.* ¶¶ 17, 30 (citing Interim Final Rule, Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829 (July 16, 2019)).) The IJ also denied Poghosyan's claims for withholding of removal and protection under the Convention Against Torture and ordered him removed. (*Id.* ¶ 31.) Poghosyan's attorney at the time did not reserve Poghosyan's right to appeal the decision or raise any psychiatric or competency issues. (*Id.*; Mem. TRO 17–18.)

On April 3, 2020, ICE released Poghosyan from detention with GPS monitoring due to the global pandemic, Poghosyan's serious psychiatric conditions, and ICE's then-inability to remove him to Armenia. (Pet. ¶¶ 32–33.) Nevertheless, on May 11, 2020, ICE again detained Poghosyan. (*Id.* ¶ 34.) Poghosyan remains incarcerated at the Adelanto ICE Processing Center in Adelanto, California. (*Id.* ¶ 34.)

On May 12, 2020, Poghosyan filed a motion to reopen based on ineffective assistance of counsel. (*See id.* ¶ 35.) The IJ denied the motion, and Poghosyan filed an appeal to the Board of Immigration Appeals ("BIA"), which remains pending. (*Id.* ¶¶ 36–37.) Poghosyan also moved the BIA to stay removal, but the BIA denied that motion on October 23, 2020. (*Id.* ¶¶ 37, 40.)[1]

---

[1] Poghosyan also filed an individual habeas petition for release from Adelanto due to the global pandemic; that case was stayed as a result of *Hernandez Roman v. Wolf,* No. ED CV 20-00768 TJH (C.D. Cal. filed Apr. 13, 2020). (Pet. ¶ 5.)

2

On June 30, 2020, the United States District Court for the District of Columbia vacated the Interim Final Rule in *Capital Area Immigrants' Rights v. Trump*, No. 19-cv-2117, 2020 WL 3542481, at *23 (D.D.C. June 30, 2020). (*Id.* ¶ 38.) Accordingly, on September 25, 2020, Poghosyan filed a motion to reopen based on that change in law, which he asserts makes him eligible for asylum. (*Id.* ¶ 39.) That motion to reopen also remains pending. (*Id.*)

When the BIA denied Poghosyan's motion to stay removal on October 23, 2020, Respondents stipulated that Poghosyan would not be removed before November 2, 2020. (*Id.* ¶ 40.) With his appeal and motion to reopen still pending on November 2, 2020, Poghosyan filed his habeas petition and this TRO. Poghosyan argues that his removal from the United States before he has had an opportunity to fully adjudicate his appeal and motion to reopen violates due process. (*Id.* at 16.) In particular, he contends he has been denied the opportunity to heard on the pending appeal and motion to reopen, and to present his statutory claim for asylum. (*See id.* ¶ 42.) Through his TRO, Poghosyan seeks an order enjoining and staying his removal pending the BIA's determination of his appeal and motion to reopen. (TRO ¶ 11.) Respondents opposed on November 3, 2020, and Poghosyan replied on November 4, 2020. (Opp'n; Reply, ECF No. 14.)

### III. DISCUSSION

Poghosyan seeks a stay of removal pending his appeal and motion to reopen. (TRO 3; Mem. TRO 10–11.) Respondents primarily argue this Court does not have subject matter jurisdiction to hear Poghosyan's petition. (Opp'n 3–9.) Respondents also contend that even if the Court finds it has jurisdiction, Poghosyan fails to make the necessary showing for injunctive relief. (*Id.* at 9–16.) For the following reasons, the Court finds that it has jurisdiction, and a stay of removal is warranted at least until a hearing can be held.

### A. Subject Matter Jurisdiction

Congress has limited judicial review of removal orders through the REAL ID Act of 2005. *See* 8 U.S.C. § 1252; *Singh v. Gonzales*, 499 F.3d 969, 977–78 (9th Cir. 2007). Relevant here, §§ 1252(a)(5) and (b)(9) prohibit district courts from reviewing removal orders and make "a petition for review filed with an appropriate court of appeals . . . the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5); *see* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien . . . shall be available only in judicial review of a final order under this section."). Similarly, § 1252(g) prohibits all judicial review of "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien . . . ." 8 U.S.C. § 1252(g).

When considering the applicability of § 1252, the Ninth Circuit has "distinguished between challenges to orders of removal and challenges that arise independently." *Gonzales*, 499 F.3d at 978 (collecting cases). The jurisdiction-stripping provisions apply to direct challenges to an order of removal or where the grounds underlying the habeas petition are "wholly intertwined" with the merits of the removal order. *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011); *see Gonzales*, 499 F.3d at 978. In contrast, habeas review is not foreclosed where challenges are "independent of or collateral to a challenge to the removal order." *Gbotoe v. Jennings*, No. C 17-06819 WHA, 2017 WL 6039713, at *3 (N.D. Cal. Dec. 6, 2017); *see also Gonzales*, 499 F.3d at 978.

Accordingly, "district courts have jurisdiction when . . . petitioners do not directly challenge their orders of removal, but rather assert a due process right to challenge the orders in the appropriate court." *Chhoeun v. Marin*, 306 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018) (citing *United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)). Jurisdiction also exists over collateral challenges that raise

4

grounds arising after the removal order where a petitioner seeks only to have "a day in court." *See Gonzales*, 499 F.3d at 979. "[D]etermining when the REAL ID Act preempts habeas jurisdiction requires a case-by-case inquiry turning on a practical analysis," and "there are many circumstances in which an alien subject to an order of a removal can properly challenge his immigration detention in a habeas petition without unduly implicating the order of removal." *Holder*, 638 F.3d at 1211.

The Court is persuaded that Poghosyan's petition and request to stay removal do not directly challenge the removal order, nor are the grounds upon which Poghosyan brings them "wholly intertwined" with the merits of the removal order. Poghosyan asserts due process rights to be heard on his appeal and pending motion to reopen, and to assert a statutory claim for asylum. (*See* Pet. 16; TRO ¶ 11.) The Court need not consider whether Poghosyan is eligible for asylum or removable to determine whether he has a right to be heard. *See Chhoeun*, 306 F. Supp. 3d at 1162 (finding that removal without opportunity to litigate motions to reopen constitutes deprivation of due process). Further, the change in law giving rise to his motion to reopen occurred after issuance of his removal order and Poghosyan seeks only the opportunity to have that motion heard. (*See* Mem. TRO 11, 27–28.) Granting relief here "will lead to nothing more than 'a day in court.'" *Gonzales*, 499 F.3d at 979.

Accordingly, the Court finds that it has jurisdiction to hear Poghosyan's claims regarding due process violations and to order adequate injunctive relief.[2]

**B. Temporary Restraining Order**

Having found subject matter jurisdiction over this action, the Court turns to Poghosyan's TRO. The legal standard for a temporary restraining order mirrors that of a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

---

[2] Because the Court finds that the REAL ID Act does not bar jurisdiction, the Court declines to address the parties' arguments as to whether the it violates the Suspension Clause of the Constitution. *See Gonzales*, 499 F.3d at 980.

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In the Ninth Circuit, serious questions going to the merits and a balance of hardships that tips sharply in plaintiff's favor support an injunction, provided a plaintiff also shows a likelihood of the other *Winter* factors. *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011).

1.  *Success on the Merits*

Poghosyan raises serious questions going to the merits, that the government is depriving him of due process rights. *See Sied v. Nielsen*, No. 17-cv-06785-LB, 2018 WL 1142202, at *26 (N.D. Cal. Mar. 2, 2018); *Yaide v. Wolf*, No. 19-cv-07874-CRB, 2019 WL 6896148, at *4 (N.D. Cal. Dec. 18, 2019). Immediate removal poses a risk of mooting Poghosyan's pending motion and appeal. *See Primero Garcia v. Barr*, No. 20-cv-01389-NC, 2020 WL 1139660, at *4 (N.D. Cal. Mar. 9, 2020) (finding it "untenable" that petitioner could continue to litigate his motion to reopen if removed to a country where he faced violence). Deportation to a country where Poghosyan "may be subject to persecution or torture" may prevent him from ever having "the opportunity to be heard on his underlying motion to reopen." *Sied*, 2018 WL 1142202, at *9, 26. Respondents contend Poghosyan's appeal and motion to reopen "will not be affected by his departure," but Poghosyan alleges a history of illegal arrests, persecution, and torture based on his political activity and contends he faces persecution, torture, and possibly death if returned. (*See* Opp'n 15; Pet. ¶ 42; TRO ¶ 10; Mem. TRO 29–30.) "Obviously, imprisonment or death would foreclose [Poghosyan]'s ability to pursue his motion to reopen." *Yaide*, 2019 WL 6896148, at *3; *see also Gbotoe*, 2017 WL 6039713, at *4 ("Given the significant barriers removal will create to [petitioner's] ability to pursue litigation, his removal now, before he has had an opportunity to present his claims, will prejudice his day in court."). Removal now, while his appeal and motion to reopen remain pending, would

effectively deny Poghosyan his right to be heard. Poghosyan has at least raised serious questions going to the merits. *Cottrell*, 632 F.3d at 1134–35.

    2.    *Irreparable Harm, Balance of Equities, and Public Interest*

The remaining factors also weigh in favor of granting the TRO. First, Poghosyan shows a sufficient likelihood of irreparable harm, as the "[d]eprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Villanueva-Bustillos v. Marin*, 370 F. Supp. 3d 1083, 1090 (C.D. Cal. 2018) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)) (staying removal pending a non-appealable final removal order). "Torture and death are also clearly irreparable harms." *Id.*; *accord Sied*, 2018 WL 1142202, at *27. Second, Respondents have not identified any hardship they might suffer from a temporary stay of Poghosyan's removal. (*See* Opp'n 16.) Thus, the balance of hardships tips sharply for Poghosyan. Finally, "there 'is a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm,' the risk of which is sufficiently grave in this case as to outweigh the more general public interest in the prompt execution of [Poghosyan]'s removal order." *Villanueva-Bustillos*, 370 F. Supp. 3d at 1090 (quoting *Nken v. Holder*, 556 U.S. 418, 436 (2009)). Accordingly, the Court finds that Poghosyan successfully demonstrates a need for a temporary restraining order.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's Motion for a Temporary Restraining Order and/or Stay of Removal. (ECF No. 2.) Poghosyan's removal is hereby **STAYED** for fourteen days from the date of this order.

Defendants are hereby **ORDERED TO SHOW CAUSE** why a preliminary injunction shall not issue. Any declarations, affidavits, points and authorities, or other submissions in opposition to the issuance of such a preliminary injunction shall be filed with the Court no later than 12:00 p.m. on November 10, 2020. Any reply shall

be filed no later than 6:00 p.m. on November 13, 2020. The hearing on the order to show cause shall be on **November 18, 2020, at 8:30 a.m.**, via telephonic conference.

**IT IS SO ORDERED.**

November 6, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

8